## John G. Slater et al., Appellees, v. John A. Taylor et al., Appellants.

1. CORPORATIONS—*section 16 of act construed.* While this section imposes personal liability upon a director who assents. to the creation of a corporate debt in excess of the amount of the capital stock of the corporation in question, yet imposition of the personal liability thereby provided for is not dependent upon the solvency or insolvency of the corporation at the time the director assents to allowing its indebtedness to exceed its capital stock.

2. CORPORATIONS—*extent of liability of director under section 16 of act.* When once the suretyship provided for by section 16 of the Corporation Act has been established or created, a liability is established continuing until the indebtedness of the corporation shall be reduced to the amount of the capital stock; this liability arises for the benefit of all creditors of the corporation (if it becomes insolvent) although the corporation may have had other assets at the time of the creation of the directors' liability.

3. CORPORATIONS—*what does not preclude creditor from enforcing personal directors' liability under section 16 of act.* The mere fact that the creditor is willing to accept the notes of the corporation without their indorsement by the directors thereof, does not preclude such creditor from enforcing the distinct and separate personal liability of such directors imposed by section 16 of the Corporation Act.

4. CORPORATIONS—*what does not preclude creditor from enforcing personal directors' liability imposed by section 16 of act. Held.* that the relations of one of the officers of the bank creditor with the corporation in this case were not of such a character as to preclude such creditor from enforcing the personal liability of the directors of the corporation as fixed and provided for by section 16 of the Corporation Act.

Bill in equity. Appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1908. Affirmed in part and reversed in part and remanded with directions. Opinion filed November 17, 1908; modified December 10, 1908.

LE FORGEE & VAIL, for appellants.

ECKHART & MOORE, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

John G. Slater, Claus D. Greve, Thomas D. Slater, Owen M. Slater, Thomas Greve, Sr., and Anna Slater, partners under the firm name of the Citizens Bank of Garrett, Illinois, and Claus D. Greve, filed a bill in equity in the Circuit Court of Douglas county for and on behalf of themselves as partners and said Claus D. Greve as an individual, and all other creditors of the Garrett Grain and Coal Company, who might become complainants in said suit against John A. Taylor and others, appellants, to recover from appellants, as directors of the Garrett Grain and Coal Company, the amount of the indebtedness of such corporation alleged to have been contracted by such corporation with the assent of appellants in excess of the amount of the capital stock of said corporation.

Such claims are based upon Section 16 of Chapter 32 of the Revised Statutes, which provides that ''If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess to the creditors of such corporation.''

The issues were closed upon said bill and the cause referred to Guy R. Jones, as a master in chancery, who took and reported the evidence and his conclusions. The cause was heard upon exceptions to such master's report and a decree rendered holding the directors liable for such indebtedness in excess of the capital stock of the corporation from which the directors have appealed.

In 1902 there was organized in the village of Garrett, Illinois, a corporation known as the Garrett Grain and Coal Company, with a capital stock of $5,000 to engage in the buying and selling of grain, coal and hay. Such corporation bought an elevator property in said village and engaged in its business of buying and selling, but soon became indebted to the First National Bank of that village in various sums aggregating about $20,000 used by it in purchasing property and in handling grain, etc. This indebtedness was transferred by the officers of said Grain and Coal Company from the First National Bank of Garrett to the Citizens Bank of Garrett and notes made by the president and secretary of the Grain and Coal Company to the Citizens Bank for $19,700, the proceeds of which, together with the proceeds of a check for $300, were used in discharge of the debts owing by the Grain and Coal Company to the First National Bank.

The notes given to the Citizens Bank were made by the president and secretary of the Grain and Coal Company under and by virtue of a resolution of the Board of Directors of said Grain and Coal Company adopted on the seventh day of March, 1903.

The evidence upon the question of assent by the directors, at different times, to the creating of indebtedness by the corporation in excess of its capital stock is very voluminous and quite conflicting. It is enough for the purposes of this opinion to say that the master in chancery, who took and reported the evidence, and the trial court, who heard the cause, both found

that at the times of the incurring of the different items of indebtedness, which formed the basis of the decree, the directors held liable for such several items, by the terms of the decree, assented to the incurring of such indebtedness and we are disposed to hold that such findings by the court and master were not unwarranted by the evidence and that we would not be justified in reversing such decree on that account.

Appellants contend that under Section 16, hereinbefore quoted, even if a director assent to the incurring of an indebtedness in excess of the capital stock of the corporation, he does not make himself liable, if such corporation, at the time the debt is contracted, has property or assets, other than its capital stock, which, if added to the capital stock, is sufficient to meet or pay its then outstanding liabilities; that the object of the statute is not penal but its design is to prevent insolvency and that if the corporation pays its debts no one can complain.

We agree with appellant that such Section 16 is not penal in its nature, but we do not think the liability there sought to be imposed can reasonably be held to depend, for its creation, upon the solvency or insolvency of the corporation at the time the director assents to allowing its indebtedness to exceed its capital stock.

Such Section 16 has for its object the creating of a fund in the nature of a security distributable in equity for the payment of all the creditors of a corporation, if its directors assent to the creation of debts against the corporation in excess of its capital stock. "The liability is like that of a surety." Lewis v. Montgomery, 145 Ill. 30. "The assenting directors become obligated to the extent of the excess over the capital stock, in the nature of sureties." Woolverton v. Taylor, 132 Ill. 197.

When once this suretyship has been established or created, it would seem to be a liability, continuing until the indebtedness shall be reduced to the amount of the capital stock, for the benefit of all the creditors

of the corporation, if it become insolvent, although the corporation may have had other assets at the time of the creation of the directors' liability. The suretyship is established by the act of the director in giving his assent to the creation of an indebtedness over and above the capital stock and would not be defeated, in its inception, by the fact that the corporation had property or assets on hand, other than its capital stock, when the assent was given, any more than it would be ended or abridged after it had once become established, by the acquiring of additional assets by the corporation.

In the case at bar the court, in a former decree, found that the corporation was wholly insolvent and in the exercise of its equitable powers, upon evidence that would seem to have fully justified it, properly directed the application of the fund due from these sureties to the payment of all the debts of the corporation.

It is next urged by appellants that appellees are not in position to claim the benefits of such Section 16 because, as appellants claim, appellee, Claus D. Greve, was acting as cashier of the Citizens Bank at the time the indebtedness involved was transferred from the First National Bank to such Citizens Bank, and at that time Greve told the directors that if they would come over to his bank he would not hold them personally liable for the indebtedness, and would not require them to sign the notes of the company; that the bank of which Greve was cashier ''would hold the company alone for the indebtedness, not the individual directors.''

The evidence shows that at the time of the transfer of the business of the corporation to the Citizens Bank the account had grown to such proportions that the First National Bank refused longer to carry the account unless the directors, as individuals, would sign notes for the indebtedness. This they did not do, but transferred the account to the Citizens Bank where

the notes of the corporation authorized by the directors were accepted for the amount of the indebtedness. There is some conflict in the evidence as to just what was said between Greve and the directors upon this subject, but there is no claim made by appellants that Greve or any one else on behalf of the Citizens Bank ever released or attempted to release, or promised to release, appellants from their liability imposed by said Section 16. Nothing whatever seems to have been said upon that subject and whether or not either of the parties knew of the liability imposed by Section 16 could not influence or determine their rights or liabilities under such section. The liability was established by force of a statute and not by virtue of any agreement and we hold that the trial court was warranted under the evidence in finding that Greve did not release or attempt to release appellants from their liability imposed by the statute, but at most, merely agreed that he would not require them to sign the notes of the company.

Appellants next argue that it was error upon the part of the court to allow Greve, who had control of the business of the corporation for a considerable time, to participate in the fund established by virtue of said Section 16; that Greve had mismanaged the affairs of the corporation and that losses resulted to the corporation while under his control. Greve was duly employed with the assent of the directors to have charge of the affairs of the corporation and the evidence seems to fully justify the claim made by him that, in respect to his employment, the commission he was to receive for his services and the expending of money by him in and about the conducting of the affairs of the corporation, he acted upon the assent of the directors, with full knowledge upon their parts that the corporation was indebted beyond the amount of its capital stock, and that in so conducting the affairs of the corporation his earnings and expenditures should be chargeable to the corporation.

In respect to such amounts he became a creditor

of the corporation and is entitled to the benefits of Section 16 the same as any other creditor. The fact that Greve failed to make the corporation a money-making one would not, of itself, deprive him of the right which Section 16 gave him to participate in the fund with all the other creditors of the corporation. Nor would the fact that Greve was acting as cashier of the Citizens Bank at the same time he had control of the affairs of the Grain and Coal Company affect his status as a creditor. The directors employed Greve to take charge of the affairs of the corporation and agreed to the basis of his compensation, etc., with full knowledge upon their part, at the time of the employment, that he was acting as cashier of the Citizens Bank and they are now in no position to claim any advantage upon that account.

We are of opinion that the cross errors are well assigned; that there were mistakes made in computations and that corrections should be made in the decree rendered by the trial court in the following particulars; that the amount found due upon exhibit "23" should have been $2646.77 instead of $486.04 as determined by the chancellor at the time the decree was rendered; that the amount found due upon exhibit "22" should have been $4466.96 instead of $4094.39 as in said decree found; that the amount found due upon account of overdraft should have been $4419.24 instead of $4050.80 as fixed in said decree; that the amount due on commission account as in said decree stated should have been $573 instead of $525.28 as therein determined, and that the amount due for money advanced as in said decree fixed should have been $912.60 instead of $832.46.

The decree is affirmed in all respects except as to the cross errors. Upon the cross errors the decree is reversed and the cause remanded with directions to the court below to amend and correct the decree to conform to the holdings hereinbefore announced.

*Affirmed in part and reversed in part and remanded with directions.*