**Kate M. Dukes, Appellee, v. Harrison & Reidy et al., Appellants.**

**Gen. No. 36,190.**

Opinion filed April 11, 1933.

BAMBERGER & NEUMER and SOMMERS & SOMMERS, for appellants.

MONAHAN & MONAHAN, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

September 14, 1931, the complainant filed her bill in the superior court of Cook county, alleging that she recovered a judgment against Harrison & Reidy, a corporation, April 30, 1927, in the superior court of Cook county for the sum of $1,500; that an execution was issued and delivered to the sheriff and return thereon was made by the sheriff "no part satisfied"; that the judgment was in full force and effect; that more than 10 days had elapsed since the return of the execution and that Harrison & Reidy, a corporation, had ceased doing business, leaving the judgment unpaid. The bill alleged further that Harrison & Reidy, a corporation, was organized under the laws of Illinois, May 27, 1919, and that the statement of incorporation set forth that Thomas A. Harrison had subscribed for 36 shares of the capital stock of the corporation and had paid $2,500 of his subscription of $3,600 and that Edward J. Reidy had subscribed for 38 shares of the capital stock and had paid $2,500 of his subscription of $3,800 but that

in fact neither Thomas A. Harrison nor Edward J. Reidy had paid into the treasury of the corporation the amounts set forth in the certificate of incorporation as having been paid by them in cash.

Harrison & Reidy, a corporation, Thomas A. Harrison, Edward J. Reidy and Frank D. Collins were named defendants and a decree was prayed for requiring Thomas A. Harrison and Edward J. Reidy to pay each his pro rata share of the judgment to the extent of the unpaid portion of the stock of the corporation subscribed for by each of them under the terms of par. 53 of chapter 32 of Cahill's Revised Statutes of Illinois, which provides as follows:

"After an adjudication of bankruptcy, or after an execution has been so returned, or has remained unsatisfied for more than ten days, after a demand made, or after dissolution or cessation of business leaving debts unpaid, any creditor may bring suit in equity, in any court having general jurisdiction in the county in which the principal office of the corporation is located on behalf of himself and of all other creditors of the corporation, against all persons who are liable in any way for the debts of the corporation, *by joining the corporation in such suit.* After exhausting the assets of such corporation, each stockholder may be required to pay his pro rata share of such debts and liabilities to the extent of the unpaid portion of the stock. . . ."

Harrison & Reidy, a corporation, Edward J. Reidy and Thomas A. Harrison were served with summons and the bill was later dismissed as to Frank D. Collins.

A special appearance for the purpose of contesting the jurisdiction of the court was filed by Harrison & Reidy, a corporation, together with a written motion to quash the service of the summons and to dismiss the corporation as a defendant. An affidavit was filed by Edward J. Reidy in support of this motion which al-

leged that a decree of dissolution of the Harrison & Reidy corporation had been entered by the superior court of Cook county, September 17, 1928, and a certificate of dissolution was filed in the office of the Secretary of State of the State of Illinois, and quoted par. 14, chapter 32 of Cahill's Illinois Revised Statutes, which provides:

"All corporations organized under the laws of this State, whose powers may have expired by limitation or otherwise, shall continue their corporate capacity for two years for the purpose only of collecting debts due such corporation and selling and conveying the property and effects thereof. Such corporations shall use their respective names for such purposes and shall be capable of prosecuting and defending all suits at law or in equity."

The affidavit also set out par. 79, chapter 32 of Cahill's Revised Statutes of Illinois, which provides:

"The dissolution, for any cause whatever, of any corporation, shall not take away or impair any remedy given against such corporations, its officers, or stockholders, for any liabilities incurred previous to its dissolution, if suit therefore is brought and service of process had within two years after such dissolution."

The affidavit in support of the motion to quash the service of summons as to Harrison & Reidy, a corporation, also alleged that the complainant had filed a previous bill of complaint on January 28, 1930, in the circuit court of Cook county against the same defendants and seeking the same relief as was sought in the instant bill and that that suit was dismissed September 15, 1930, for want of prosecution.

The court denied the motion to quash as to the defendant corporation, and Harrison & Reidy, a corporation, elected to stand upon its special appearance and motion to quash the service of summons. Answers were filed by the defendants, Thomas A. Harrison and Edward J. Reidy, and the cause proceeded to trial.

April 23, 1932, a decree was entered, the material findings of which were:

"The defendant, Harrison & Reidy, a corporation, having failed to file its plea, answer, or demurrer to said bill of complaint as heretofore ordered by the Court, it is ordered that the said bill of complaint be, and it is hereby, taken as confessed by said defendant.

"That neither of the defendants, Edward J. Reidy nor Thomas A. Harrison, paid the amount agreed by them to be paid upon their respective subscriptions to the capital stock of said corporation and that each of them owe more than the sum of Fifteen Hundred Dollars ($1,500.00) upon their respective subscriptions to said capital stock.

"Now, THEREFORE, in consideration thereof, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the defendants, Edward J. Reidy and Thomas A. Harrison each pay his pro-rata share of the said judgment of the complainant, Kate M. Dukes, to the extent of the unpaid portion of the stock of said corporation so subscribed for by each of them; that is to say, that said defendants, Edward J. Reidy and Thomas A. Harrison pay to the complainant, Kate M. Dukes, the amount of her said judgment, Fifteen Hundred Dollars ($1,500.00), and that the Clerk issue an execution in favor of said complainant as at common law, directed to the Sheriff of the County of Cook, commanding him that of the goods, chattels, lands and tenements of said defendants, Edward J. Reidy and Thomas A. Harrison, in his County, he shall cause to be made the said sum of Fifteen Hundred Dollars ($1,500.00) and the complainant's costs of this proceeding, to be taxed by the Clerk of this Court and that said execution or *fieri facias* be in the form usually issued by the Clerk of this Court in common law proceedings."

The defendant corporation contends that except for section 14 of the Corporation Act, Cahill's St. ch. 32,

¶ 14, the decree of September 17, 1928, of the superior court dissolving the corporation, would have effectually terminated the existence of the corporation for all purposes and that, therefore, after the expiration of the two-year period provided by section 14, the corporation was legally extinct and could not sue or be sued and no person could legally be served with or accept service of summons directed to the corporation.

The complainant contends that notwithstanding the fact that the instant bill of complaint was filed September 14, 1931, which was more than two years after the entry of the decree of dissolution of the corporation by the superior court September 17, 1928, it still had the right to maintain this action because it was brought within one year after her bill of complaint, which was filed January 28, 1930, in the circuit court of Cook county, and which was in words and figures identical with the bill in this cause, was dismissed for want of prosecution September 15, 1930. In support of this contention the complainant relies on par. 26, chapter 83 of Cahill's Illinois Revised Statutes on Limitations, which provides as follows:

"*An act to amend an Act entitled 'An Act in regard to limitations,' approved April 4, 1872; in force July 1, 1872.* In any of the actions specified in any of the sections of said Act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

The defendant corporation contends that paragraph 26 of the Limitations Act is inapplicable to the instant suit and that no suit or action can be brought against a corporation that has been legally dissolved unless the suit or action is commenced within two years of the dissolution, as provided in sections 14 and 79 of the Corporation Act, Cahill's St. ch. 32, ¶¶ 14 and 79. The complainant contends that her second bill came within the purview of paragraph 26 of the Limitations Act, and that under the terms of that statute the running of the two-year limitation provided in section 14 of the Corporation Act was tolled for an additional year.

No authorities are cited by either the defendant corporation or by the complainant for or against the contention that paragraph 26 of the Limitations Act is inapplicable to section 14 of the Corporation Act.

The complainant refers to paragraph 26 of the Limitations Act and apparently has an abiding faith that that paragraph confers jurisdiction on the court in this case. No argument is made and no reasons are given to support her contention that this paragraph does apply to section 14 of the Corporation Act. It is simply taken for granted.

The defendant corporation contends that section 14 of the Corporation Act is not a statute of limitation of action, and that neither paragraph 26 nor any other section of the Limitations Act refers to or is applicable to sections 14 or 79 of the Corporation Act; that section 14 places a definite limit on corporate capacity to sue and be sued; that it provides that corporations whose powers have expired by limitation or otherwise shall continue their corporate capacity *for two years for the purpose only* of collecting debts due such corporations and selling and conveying the property and effects thereof and for such purpose may prosecute or defend all suits in the corporate name; that after

that period of two years has expired the corporation is legally dead for all purposes and that there is nothing in any provision of the Limitations Act which revives it for any purpose; that it has no corporate capacity of any kind, no officers or agents, and therefore cannot be sued or brought within the jurisdiction of the court by the delivery of a summons to one of its former officers. It will be noted that paragraph 26 is limited by its terms to "any of the actions specified in any of the sections of this act." (Limitations Act.)

The question whether or not paragraph 26 of the Limitations Act is applicable to section 14 of the Corporation Act has not heretofore been decided by the Supreme or Appellate Courts of this State. The case of *Bishop v. Chicago Rys. Co.,* 303 Ill. 273, 276, 277, which upheld the constitutionality of section 26, *supra,* and in which the Supreme Court was called upon to construe that section with reference to its application to the Injuries Act of 1853, held:

"Appellee contends, also, that section 2 of the amendatory act (called in the briefs section 25 of the Limitations Act), is not applicable to actions arising under sections 1 and 2 of the Injuries Act, to which class the action in this case belongs. This question is not free from difficulty. No right existed at common law to recover for the wrongful death of a person. The Injuries Act passed by the legislature of this State in 1853 created such a cause of action for the first time in this State. This statute provides the parties in whose name the suit shall be brought and what shall be done with the proceeds of a judgment recovered thereunder. It fixes the time in which such action shall be brought. Originally the act provided that suit should be brought within two years after the death of the deceased. By amendment in 1903 this was reduced to one year. The limitation of the right to sue, fixing

the exercise of such right within a year, is not a statute of limitations but is a condition of the liability itself. Where action is brought under the Injuries Act in death cases the plaintiff must bring himself within the conditions of the act. (*Hartray v. Chicago Railways Co.*, 290 Ill. 85; *Carlin v. Peerless Gas Light Co.*, 283 id. 142.) It is seen, therefore, that the statute which creates the right,—that is, the Injuries Act,—places a limitation, not on defenses to the right of action but upon the right of action itself. The Statute of Limitations may be styled a defense statute; the Injuries Act is purely and simply a liability statute. The provision of the Injuries Act requiring that suit be brought within a year after the death not being a limitation statute, section 2 of the 1873 amendment to the Limitations Act cannot be said to be applicable to cases arising under the Injuries Act unless the right of action in such cases can be seen to be included within the classes of cases embraced by the Limitations Act.

"The Act of 1873 referred to is, as designated in its title, 'An act to amend an act in regard to limitations.' Section 2 of the act expresses in plain language the intention of the legislature that its provisions shall apply to 'the actions specified in any of the sections of said act,'—the Limitations Act.'' (The paragraph of the Limitations Act referred to as section 2 of the amendatory act and section 25 of the Limitations Act is paragraph 26 of the 1931 edition of Cahill's Revised Statutes of Illinois on Limitations.)

The reasoning of the Supreme Court applies with equal force to the instant case and it is our opinion that paragraph 26 of the Limitations Act has no application to sections 53 or 14 of the Corporations Act under which this suit was brought.

Even though paragraph 26 of the Limitations Act were held to be applicable to section 14 of the Corporation Act, the complainant could not maintain this action. The second bill was filed within one year from

the time the first bill of complainant was nonsuited but the provisions of paragraph 26 seem to have been misunderstood or misconstrued by the complainant. It provides that ''if the complainant be nonsuited then, if the time limited for bringing such action *shall have expired during the pendency of such suit,* the said plaintiff . . . may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after.''

The time for bringing this action did not expire during the pendency of the first bill of complaint. The decree dissolving the defendant corporation was entered September 17, 1928, and the original bill was nonsuited September 15, 1930. The two-year period after dissolution in which suits might be brought against the corporation had not elapsed at the time of the nonsuit and there was no suit pending at the expiration of the time provided by statute for bringing this action.

After quoting section 2 of the Limitations Act, Cahill's St. ch. 83, ¶ 26, this court in *Wiggins Ferry Co. v. Gardner,* 91 Ill. App. 20, 22, held:

''This statute, giving to a plaintiff who has suffered nonsuit one year after he has been nonsuited in which to commence a new action, gives that right only in cases where the time limited for bringing such action has expired 'during the pendency' of the suit in which such plaintiff was nonsuited. If at the time of the nonsuit there remained unexpired any portion of the time limited for bringing such action, then the provisions of this statute do not apply.''

The defendants further contend that if the contention that the defendant corporation cannot legally be made a party defendant to this suit is held to be meritorious then the entire case of complainant falls because of section 53 of the Corporation Act, Cahill's St. ch. 32, ¶ 53, which makes it necessary to join the corporation as a party defendant. The right of cred-

itors to bring a suit of this nature is conferred by section 53 of chapter 32, which provides that the corporation shall be made a party defendant. The complainant creditor must bring her suit within the provisions of that section if she wishes to avail herself of the remedy provided therein. Section 53 of the Corporation Act must be construed with sections 14 and 79 of the same act, and it is apparent that complainant cannot avail herself of the remedy provided by this statute for the reason that her bill of complaint was not filed until September 14, 1931, which was more than two years after the dissolution of the corporation.

The attempted service of summons on the defendant corporation did not confer jurisdiction on the court and the motion to quash the service of the summons and to dismiss Harrison & Reidy, a corporation, as a party defendant should have been allowed. Other points have been urged but it is unnecessary to consider them.

For the reasons stated the decree of the superior court of Cook county is reversed.

*Reversed.*

Scanlan, P. J., and Gridley, J., concur.