Consolidated Coal Company of St. Louis, Appellant, v. Flynn Coal Company et al., Appellees.

Gen. No. 36,655.

Heard in the third division of this
court for the first district at the April term, 1933. Opinion
filed March 14, 1934. Rehearing denied March 30, 1934, and opinion
modified April 12, 1934.

ABRAHAM REDMAN and WHITNEL & BROWNING, for appellant.

MILLER, GORHAM, WALES & ADAMS, for certain appellee; CHARLES J. TRESSLER, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the complainant from an order denying leave to file an amended bill of complaint and dismissing the cause for want of equity.

It appears from the bill of complaint that the original bill was filed on October 2, 1928, and that this bill was dismissed on October 30, 1931, for want of prosecution; that on December 21, 1931, the bill of complaint in the instant case was filed.

The bill of complaint charges that the original bill prays for an accounting as to the claim of the complainant against the defendants named, and as to the

property and assets of the Flynn Coal Company; that all transfers of property of said company not made in good faith be set aside, and the property applied in payment of the amount due complainant, and that the individual defendant be held liable for unpaid stock liabilities and for assenting to an indebtedness in excess of the capital stock of the corporation. The bill further charges that the defendant, Flynn Coal Company, an Illinois corporation, was indebted to the complainant in the sum of $186,118.90 for coal sold and delivered by the complainant at various times commencing December, 1924, and ending October 1, 1925, and that for this coal so delivered no payments had been made.

It further appears that on October 26, 1922, the capital stock of the corporation was increased and 6,490 shares of no par common stock were issued and that the consideration for the issuance of such stock was the cash on hand, accounts receivable, trucks, leases, good will, contracts, and other property located at the place of business of the corporation, and that the value placed upon such assets taken in payment of the capital stock of the Flynn Coal Company, was $649,000. It is charged that on October 4, 1926, a decree of dissolution was entered in the circuit court of Cook county, dissolving the Flynn Coal Company for failure to pay its franchise taxes. It also appears that on January 9, 1926, defendants Mortimer B. Flynn, J. R. Troutman and T. C. Fredrich organized a corporation known as the Flynn Fuel Company; that this business was transacted by Mortimer B. Flynn and J. R. Troutman, and all of the property of the Flynn Coal Company was transferred either to the new corporation or was retained by said Mortimer B. Flynn and J. R. Troutman, and that others, whose names are unknown, converted all the property of the Flynn Coal Company to their own use, or transferred it to the new corpo-

ration; that the value of $649,000 placed upon the assets of the Flynn Coal Company for which stock was issued was excessive; that the actual value was not in excess of $150,000, and for that reason the stockholders are liable for the unpaid portion of their stock; that J. R. Troutman and Mortimer B. Flynn were directors of the corporation during the time the debt above mentioned accrued and that the defendants Mortimer B. Flynn and J. R. Troutman assented to an indebtedness in excess of the capital stock of the corporation, and therefore are personally and individually liable to the extent of such excess, according to section 23 of the Corporation Act, Cahill's St. ch. 32, ¶ 23.

The bill prayed for the appointment of a receiver, for an accounting in the transfer of the property from the Flynn Coal Company to the Flynn Fuel Company, and that the individual defendants be held liable for unpaid stock subscriptions, and to account for all property of the Flynn Coal Company received by the defendants. Summons was issued to be served on all the defendants at the time of the filing of the original bill. This summons was returned on January 18, 1932, marked "Defendants not found." An alias summons was thereupon issued, and on January 27, 1932, it appears that service was had on the Flynn Coal Company, by delivering a copy to J. R. Troutman, director and agent and on J. R. Troutman individually, and that the other defendants named in the alias summons were not found.

To this bill, the defendant J. R. Troutman filed a demurrer, which was sustained, on the ground that section 79 of the Corporation Act, Cahill's St. ch. 32, ¶ 79, in force at the time the order was entered, was an absolute and unqualified limitation upon the right of the complainant to institute the pending suit, and at the same time, the court sustained the motion of J. R.

Troutman to quash service of summons on the Flynn Coal Company.

The complainant thereupon made its motion for leave to file an amended bill of complaint and tendered and presented to the court a proposed amended bill of complaint. The proposed bill of complaint sets out, substantially, the same facts as appear in the bill of complaint heretofore referred to, and, in addition, that Mortimer B. Flynn, as president of the corporation, drew a salary for the years from 1922 to 1928, at the rate of $36,000 a year, whereas a reasonable value of the services rendered by him would not exceed $12,000. It is also charged that since the filing of the original bill, an investigation of the purported dissolution of the Flynn Coal Company disclosed that service of summons in that case was attempted on the defendants by publication, but that the publication did not comply with the statute, therefore the court lacked jurisdiction, and its decree is void and the Flynn Coal Company was not in fact dissolved.

The complainant contends that the original bill of complaint stated a good cause of action and is not subject to section 79 of the Corporation Act. Section 79 of the Corporation Act (Cahill's Ill. Rev. St. 1929, ch. 32, ¶ 79) is as follows:

"The dissolution for any cause whatever of any corporation shall not take away or impair any remedy given against such corporation, its officers or stockholders, for any liabilities incurred previous to its dissolution, if suit therefor is brought and service of process had within two years after such dissolution."

The bill of complaint on its face shows that the original suit was instituted and summons issued within two years after the alleged dissolution of the Flynn Coal Company, which suit was dismissed for want of prosecution. The bill now under consideration was filed within one year from the time the suit was dis-

missed for want of prosecution, and the position of the complainant is that by par. 26 of Cahill's St. ch. 83, entitled, "Limitations," a litigant whose cause has been dismissed for want of prosecution, under the terms of this statute, is given an additional year to commence a new action. The section of the statute providing this additional time is in part as follows:

". . . if the plaintiff be nonsuited, then if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

The complainant urges this point: That the fraudulent conversion, or the fraudulent conduct of the defendants in the transfer of the corporation property existed separate and independent of the Corporation Act, and that its action was not controlled by section 79 of that act. The court will comment upon this suggestion further on in this opinion. The corporation in question was granted certain power and was controlled by the several sections of the Corporation Act. The several remedies provided for and granted were limited by the acts of the legislature in the granting of time within which a dissolved corporation may be sued by a person, firm or corporation.

The complainant in this case is chargeable with knowledge of the statutory law governing the organization and conduct of the defendant's business and the remedies provided for a violation of the provisions of the Corporation Act by its officers. Complainant's right to maintain an action under the act is limited by the statute, and unless the complainant has instituted this action within the time limited, its right of action is lost. From the facts charged in the bill of complaint it is clear that the bill was filed for the purpose of enforcing stockholders' liability, and lia-

bility of the directors for assenting to an excessive indebtedness, and such is the specific relief prayed for against Mortimer B. Flynn and J. R. Troutman, defendants.

There is no dispute that by the common law doctrine of the status of a corporation after its dissolution for any cause, the corporation has no legal existence, and the real estate held by the dissolved corporation reverts to the grantors or donors, and the personal property escheats to the king, and that no right of action can be maintained to enforce a claim against a defunct corporation. In the United States, however, this common law doctrine has been so modified that the property of a dissolved corporation is to be used for the benefit of the creditors and stockholders after dissolution, and generally, by a saving clause, stockholders or creditors may maintain an action for that purpose, and in order to maintain an action it must be filed within the time fixed for such purpose. In the instant case, by the saving clause, complainant was granted statutory right to maintain an action of the character before this court.

This litigation has been pending for a long period of time. The claim of the complainant consists of several items for coal sold and delivered to the dissolved corporation, the last of which is dated October 1, 1925. The original bill was filed on October 2, 1928, two days short of the two-year limitation after the dissolution of the Flynn Coal Company as a corporation. Thereafter, as we have already indicated in this opinion, the cause when reached for trial was dismissed for want of prosecution, and on December 21, 1931, the bill in the instant case was filed, which was within one year after the involuntary dismissal. The right to maintain this action is wholly statutory, and must be exercised within the statutory time fixed by the legislature, but for this provision the complainant could not maintain an action for relief such as prayed for in the

bill. The present bill of complaint was not filed within the time provided for by sec. 79 of the Corporation Act, and sec. 2 of chap. 83 of the Statute of Limitations does not apply, *Dukes v. Harrison & Reidy,* 270 Ill. App. 372, and the court properly sustained the demurrer of the defendant J. R. Troutman.

The complainant contends that the chancellor erred in refusing to permit the filing of its amended bill of complaint, and that the amended bill charges facts of such a grave character as to clearly warrant the various forms of equitable relief prayed for, irrespective of whether or not the Flynn Coal Company was dissolved. The complainant further suggests that the property of the dissolved corporation was converted by certain of the defendants in the instant case, and therefore fraud is charged, and in equity where proper charges are made in the bill, the officers are held to be trustees, holding the corporate property for the benefit of the interested parties. This position of the complainant is not questioned by the defendants, except that the right to act is limited, and must be exercised within the time fixed by the Corporation Act. However, this court being of the opinion that the bill in question was not filed within the time fixed by the statute, this applies to the remedy to enforce statutory liabilities. We are not disposed to hold that in a proper case where the officers of a defunct corporation by fraudulent conduct conceal and convert corporate property, a bill to account is required to be filed within the two years provided for by the Corporation Act after dissolution, but that the complainant urging such right may compel the officers who by fraudulent conduct convert the assets of a corporation, to account within the limitation period of five years, as provided for by the statute of limitations.

In the proposed amended bill, the facts indicate that the right of action accrued on the date of the last item appearing on the bill, being October 1, 1925. The time

that elapsed between this date and January 14, 1932, the date of the motion made by the complainant for leave to file an amended bill of complaint was more than five years after the right of action accrued, and this appears from the proposed bill of complaint in which it is charged that the total amount represents the amount due on an account stated for said coal on October 1, 1925, and the bill includes all of the defendants as having acknowledged the correctness of the indebtedness on that date and promised to pay the same on the date above mentioned. As to one of the defendants, the Flynn Coal Company, it was not in existence on the date as charged, but was organized as an Illinois corporation on January 9, 1926. The element of time appears on the face of the proposed amended bill, and being a new suit the court did not err in denying the complainant's motion, for leave to file the proposed bill of complaint. We have considered the objection that the Flynn Coal Company was never legally dissolved for the reason that the decree purporting to dissolve it was invalid, due to the lack of jurisdiction because of a defective proof of publication. The certificate recites that the Corporation Reporter is a secular newspaper of general circulation, and seems to meet the requirement of the statute, and recites the further fact that the "Corporation Reporter" has been published weekly in the City of Chicago, County of Cook and State of Illinois, and had been published regularly for more than six months prior to the first publication of the notice.

For the reasons stated, this court is of the opinion that the order dismissing the bill for want of equity and denying leave to file the proposed bill of complaint must be sustained.

The decree is affirmed.

*Decree affirmed.*

HALL, P. J., and WILSON, J., concur.