Peter Sarelas, Appellant, v. McCue and Company et al., Appellees.

Gen. No. 39,497.

Heard in the first division of this court for the first district at the June term, 1937. Opinion filed October 18, 1937.

CHAPMAN & CHAPMAN, of Chicago, for appellant; ABRAHAM MILLER, of Chicago, of counsel.

JOHN TAYLOR BOOZ and CHARLES J. MUELLER, both of Chicago, for certain appellees. NICHOLSON, SNYDER, CHADWELL & FAGERBURG and HAFFENBERG & ROSENBAUM, both of Chicago, for other appellees; RICHARD

M. Keck and Joseph Rosenbaum, both of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff, by virtue of section 53 of the Corporation Act of 1919 (Session Laws of 1919) brought suit in equity on behalf of himself and of all other creditors of McCue and Company, a corporation, to recover from the stockholders of the company claimed unpaid stock subscriptions, and to recover from the directors of the corporation on the claimed ground that they had assented to an indebtedness of the corporation in excess of its capital, in violation of section 23 of the act. Plaintiff also charged conspiracy on the part of the officers and directors of defendant corporation in converting its assets.

The defense interposed was that the suit against the stockholders was not brought within two years after the dissolution of the corporation, as required by section 79 of the act, and the suit against the directors was not brought within five years after plaintiff's claim accrued. Defendants moved to dismiss the suit on these grounds. The motion was allowed, the suit dismissed, and plaintiff appeals.

Plaintiff alleged (and the allegations are admitted) that McCue and Company was organized as a corporation under the laws of Illinois February 1, 1929, and continued to carry on the business authorized by its charter until dissolved by the Secretary of State on June 22, 1932. While the company was conducting its business plaintiff sold stock on behalf of the company, for which services he had not been paid; he brought suit in the superior court of Cook county to recover the amount claimed and on November 18, 1931, had judgment for $1,600 against defendant corporation.

In the superior court plaintiff claimed the $1,600 became due November 3, 1929. December 4, 1931, plaintiff caused an execution to be issued on the judgment in the superior court and demand made on the corporation for payment. The judgment is still wholly due and unpaid.

It is conceded by both parties that the Corporation Act of 1919 applies to the instant case. Section 14 of the act provides that all corporations organized under the laws of this State whose powers may have expired by limitations or otherwise, "shall continue their corporate capacity for two years for the purpose only of collecting debts due such corporation and selling and conveying the property and effects thereof." Section 23 of the act provides that the directors of such corporation "shall jointly and severally be liable for the debts and contracts of the corporation. . . . For assenting to an indebtedness in excess of the amount of capital of the corporation, to the amount of such excess." By Section 53 it is provided that after the dissolution of a corporation "leaving debts unpaid, any creditor may bring suit in equity, in any court having general jurisdiction . . . on behalf of himself and of all other creditors of the corporation, against all persons who are liable in any way for the debts of the corporation, by joining the corporation in such suit. Each stockholder may be required to pay his *pro rata* share of such debts and liabilities, to the extent of the unpaid portion of the stock, after exhausting the assets of such corporation." Section 79 provides that, "The dissolution for any cause whatever, of any corporation, shall not take away or impair any remedy given against such corporation, its officers or stockholders, for any liabilities incurred previous to its dissolution, if suit therefor is brought and service of process had within two years after such dissolution."

June 1, 1934, plaintiff filed the instant suit. Summons was served on some of the defendant stockholders and on some of the directors within two years after the dissolution of the corporation, but McCue and Company, the corporation, was not served until August 16, 1934, which was more than two years after its dissolution. November 26, 1935, the court, on motion of defendants, struck the complaint with leave to file an amended complaint before December 16, 1935, and on the latter date plaintiff filed an amended complaint. Afterward, on January 27, 1936, on motion of defendants, the court struck the amended complaint and gave plaintiff leave to file a second amended complaint within 20 days; pursuant to such leave plaintiff filed his second amended complaint February 14, 1936. Defendants filed motions to strike the second amended complaint and while such motions were pending plaintiff filed a petition on March 30, 1936, praying that an order be entered directing the sheriff of Cook county to amend his return so as to show that he had served the defendant corporation, McCue and Company, on June 4, 1934, which was within the two years after the corporation was dissolved. Certain defendants answered the petition and afterward an order was entered denying the prayer of the petition. While defendants' motion to strike the second amended complaint was pending, plaintiff on May 22, 1936, asked leave to file his third amended complaint, which leave the court granted, and subsequently the third amended complaint was filed. Defendants moved to dismiss this complaint, which was in four counts. The court struck from the third amended complaint all reference to McCue and Company as party defendant, and overruled certain motions of certain other defendants to strike the first count of this complaint, and ordered them to answer. Afterward certain defendants filed a motion to dismiss count one of the third amended complaint, setting up specific grounds, and on November 23,

1936, the motion was allowed, the suit dismissed for want of equity, and plaintiff appeals.

Plaintiff contends that the court erred in holding the suit would not lie because McCue and Company, the corporation, had not been served with process within two years after the dissolution of the corporation, and in support of this his counsel say, "In order to give effect to the evident legislative intent, the phrase in section 79 of the Corporation Act of 1919, 'and service of process had,' must be construed to mean, and service of process attempted or begun in good faith"; that the record shows that plaintiff and the sheriff in good faith made an endeavor to serve McCue and Company, and that such service failed because one of the defendant directors gave to the sheriff wrong information as to where an official of the corporation might be found. We think this contention cannot be sustained. The section is plain and unambiguous and not open for construction. It provides that the dissolution of any corporation for any cause shall not take away or impair any remedy against such corporation, its officers or stockholders, for any liability incurred previous to its dissolution, "if suit therefor is brought and service of process had within two years after such dissolution." By section 53 of the act the corporation was an essential party, and since the summons was not served on it until more than two years after its dissolution, plaintiff could not maintain his suit.

Section 79 is not strictly a statute of limitation but is a conditional limitation upon plaintiff's right of action. *Dukes v. Harrison & Reidy,* 270 Ill. App. 372; *Consolidated Coal Co. v. Flynn Coal Co.,* 274 Ill. App. 405; *Bishop v. Chicago Rys. Co.,* 303 Ill. 273. The legislature apparently had in mind that after the dissolution of a corporation a creditor could bring his suit provided he did so and the summons was served on the corporation within two years.

Plaintiff further contends, as stated by counsel, that, "The court erred in holding that the plaintiff's cause of action did not accrue within five years next preceding the commencement of his suit . . . and erred in dismissing his suit for want of equity." In support of this counsel say, "The right of action of a creditor against stockholders accrues and the five year Statute of Limitations begins to run when the corporation ceases doing business leaving debts unpaid"; and further, that "the liability of directors of a corporation is not an absolute one, and the right of action against them accrues and the five-year Statute of Limitations begins to run from the date. the corporation is in default." In support of the claimed liability of the directors, counsel cites the cases of *Wolverton v. Taylor,* 132 Ill. 197, and *Slater v. Taylor,* 241 Ill. 102. Counsel for both parties in their briefs agree that the cause of action against the directors for permitting a corporation to become indebted in excess of its capital stock, contrary to the provisions of section 23, is barred unless brought within five years; and defendants' counsel say the statute began to run in the instant case on November 3, 1929, when the indebtedness of McCue and Company to plaintiff Sarelas became due and unpaid, and that plaintiff made no claim against the directors until he filed his third amended complaint June 12, 1936.

On the other side, plaintiff's counsel say that the statute did not begin to run until December 4, 1931, when the execution issued on the judgment entered in the superior court, and demand was then made on the corporation.

In support of these respective contentions both counsel rely upon the *Woolverton* case (132 Ill. 197). That case was before the Appellate and Supreme Courts a number of times. (See 30 Ill. App. 70; 132 Ill. 197, and again in 43 Ill. App. 424, and 157 Ill. 485.) The plaintiff in that case held notes executed by a corporation

which were not paid when due, and brought suit against the directors of the corporation to impose the statutory liability for assenting to an indebtedness contrary to the statute, the section there involved being similar in substance to section 23 of the Act of 1919. The trial court held that the five-year Statute of Limitations was applicable and that the period commenced to run at the time the directors assented to the incurring of the indebtedness. This, on appeal, was affirmed by the Appellate Court. (30 Ill. App. 70.) A further appeal was prosecuted to the Supreme Court (132 Ill. 197) where the judgments of the trial and Appellate Courts were reversed, the court holding that the statute commenced to run when the debt was due. The Supreme Court there said (p. 213) : ''We hold that the cause of action set forth in this bill did not accrue until the maturity of the notes . . . that the action is not for the recovery of a penalty; and five years between the date of the maturity of the first of said notes to fall due and the filing of the bill not having intervened, the action was not barred. The demurrer to the bill should therefore have been overruled.''

In the instant case, plaintiff alleged in his action brought in the superior court against McCue and Company to recover for the sale of the stock, that the $1,600 was due and owing to him on November 3, 1929, his claim having been due at that time. The Statute of Limitations, if we assume it to be five years, then commenced to run under the specific language in the *Woolverton* case, from which we have just quoted, and the action would be barred five years from November 3, 1929. The only argument in the briefs on this point is as to when the Statute of Limitations began to run. Holding as we do that the statute began to run on November 3, 1929, the argument of plaintiff cannot be maintained. We are unable to agree with the argument of counsel for plaintiff or with that of counsel for defendants, but are of opinion that where a corporation

is dissolved, suit must be brought and summons served within two years after such dissolution, as provided in section 79 of the Act of 1919. And that the Statute of Limitations of five years is not applicable where the corporation has been dissolved before suit. *Consolidated Coal Co. v. Flynn Coal Co.*, 274 Ill. App. 405; *Dukes v. Harrison & Reidy*, 270 Ill. App. 372. The summons not having been served on defendant corporation, McCue and Company, within the two-year period fixed by section 79, the court had no jurisdiction of the case, and the motion of defendants to dismiss was properly sustained.

The sufficiency of the original complaint, the first and second amended complaints, and the orders of the court striking them, are not before us because such complaints were abandoned by plaintiff in filing his third amended complaint.

Nor is there any merit in plaintiff's contention that defendants' motions to dismiss the several complaints were ineffective because, before any of such motions were filed, defendants filed answers to the original complaint, and that there is no order in the record showing the court permitted the withdrawal of such answers and gave leave to defendants to file such motions to dismiss. We are unable to say that the record is complete because it was prepared by the clerk from the praecipes filed by the parties. But in any event, the question is not before us because it is apparent that both parties and the court treated the matter as though a formal order had been entered allowing defendants to withdraw their answers and to file their motions.

Plaintiff further contends that the charge of fraud made by him in his third amended complaint against the stockholders and directors of the defendant, McCue and Company corporation, renders defendants liable by virtue of such charged fraud, independent of the provisions of the Act of 1919, and that in such case the Statute of Limitations does not commence to run until

after the fraud is discovered. Without discussing the allegations of the third amended complaint in this respect, we think it sufficient to say that they are entirely insufficient to state a cause of action on that ground, and that most of such allegations are mere conclusions of the pleader.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

MATCHETT and MCSURELY, JJ., concur.