# KNOWLTON *v.* WATERTOWN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WISCONSIN.

No. 198. Argued March 13, 1889. — Decided April 8, 1889.

*Amy* v. *Watertown*, No. 2, *ante*, 320, affirmed and applied to this case.

In Wisconsin an action is not commenced for the purpose of stopping the running of the statute of limitations until service of process had been effected, or until service had been attempted and followed up by actual service within sixty days or publication within that time.

THIS was an action in contract to recover on bonds issued by the municipality of Watertown, in Wisconsin. Judgment for the defendant. The plaintiffs sued out this writ of error. The case is stated in the opinion.

*Mr. George P. Miller* for plaintiffs in error.

*Mr. George W. Bird* and *Mr. Daniel Hall* for defendant in error.

Mr. Justice Bradley delivered the opinion of the court.

This suit was brought to recover the amount of 6 bonds payable August 1st, 1863; 71 half-yearly coupons due from February 1, 1858, to August 1, 1863; 31 half-yearly coupons for $40 each, due from January 1, 1858, to January 1, 1873; and 31 other half-yearly coupons for $40 each, due from January 1, 1858, to January 1, 1873. A summons at the suit of Elijah W. Carpenter and Edwin F. Knowlton was issued on the 29th of March, 1873, and served by the marshal on the 2d day of April, 1873, upon the city clerk and the city treasurer, and upon Chris. Mayer, an alderman of the city who was elected mayor at the city election April 1, 1873, but not yet inducted into the office. The court, on motion, declared that the summons was not lawfully served, and made an order authorizing the clerk to return the summons to the marshal to be served on the defendant according to law or for such further action as the plaintiffs might direct.

Nothing more was done until the 9th of January, 1878, when the said Carpenter and Knowlton sued out an *alias* summons (so called), which was served by the marshal on the 23d of December, 1882, upon Rohr, the last mayor (but not then mayor); Bieber, city clerk; Gardner, city attorney; and Baxter, the last (but not then) president or chairman of the board of street commissioners. As Carpenter had died on the 1st of September, 1881, no further proceedings were had on this last attempt at service; but on the 19th of June, 1883, an order was applied for and made by the court that the cause be revived in favor of Edwin F. Knowlton as executor of Carpenter and said Knowlton individually. Thereupon the new plaintiffs filed their complaint and issued a new summons, tested 29th March, 1873, which was served by the marshal on the 26th of June, 1883, upon the city clerk, the city attorney,

and the last-elected chairman of the board of street commissioners. On the 14th of July, 1883, the defendant's attorneys entered an appearance to the action, and subsequently filed an answer, containing a general denial and a plea of the statute of limitations. The plaintiffs replied to this latter plea by amending their complaint, and setting up, as in the case of *Amy et al.* v. *Watertown*, No. 2, just decided, a conspiracy on the part of the officials and people of Watertown to prevent a service of process on the city, specifying the conduct of the mayor and aldermen in resigning their offices and meeting in secret for the transaction of business, etc. (See the report of the case referred to, *ante*, 320.) They added the following averment:

"Said plaintiffs further allege that in the above-entitled action said plaintiffs, on the 29th day of March, 1873, filed a præcipe for a summons and an undertaking for costs, and a summons was issued in due conformity to law and placed in the hands of the United States marshal for service, and that on April 2, 1873, the said marshal, after due and diligent search and inquiry, served the said summons on those persons whom, according to the best information he could derive, he had ascertained to be the mayor and city clerk of said city of Watertown, and on the same day returned the said summons as served according to law; that on April 22d, 1873, the said city of Watertown appeared specially in said action for the purpose of moving to set aside the service of said summons on the ground that the persons on whom the said summons had been served were not, in fact, the mayor and city clerk of said city; that on June 19, 1873, the said motion came on to be heard, and this court ordered that the service of said summons be set aside for the reason that the persons so served were not the mayor and city clerk of said city, and ordered that the said summons be returned to the marshal to be served according to law; that since said date the said marshal has not been able to ascertain who were the mayor and city clerk or mayor or city clerk of said city or the persons on whom process could be served.

"Said plaintiffs further allege that, notwithstanding they have exercised due diligence and hired attorneys and agents

for the purpose of having process served on said city, they have been unable to this date to serve or have served the summons in this action on the mayor of said city, or on that person who, by law, should exercise the functions of mayor of said city."

The defendant filed an answer and an amended answer to this amended complaint. The amended answer contains the following special rejoinder to the averment respecting the issuing and service of process in 1873 :

"Fourth. And, further answering said amended complaint, this the said defendant alleges, that on or about the 29th day of March, 1873, the Elijah W. Carpenter and Edwin F. Knowlton named in said complaint filed with the clerk of this court a præcipe for a summons, wherein they were named as plaintiffs and this defendant was named defendant, and an undertaking for costs, and a summons, issued pursuant to said præcipe, was then placed in the hands of the United States marshal for said district for service, and that on or about the 2d day of April, 1873, said marshal returned said summons to this court with the following return of service thereon indorsed, to wit: 'Served on the within-named The City of Watertown by delivering to August Tauck, city clerk, and Fred Meyer, city treasurer, of said city, and Chris. Meyer, an alderman from the first ward of said city and an acting member of the board of aldermen thereof, and mayor elect of said city at the city election held April 1, 1873, each a copy of. the within summons this April 2, 1873, there being no other person acting as mayor of said city ;' that on or about June 19, 1873, on motion of defendant, appearing specially for that purpose, the said pretended service of said summons was decided and held to be illegal and void by this court on the ground that said summons had not been served in the manner prescribed by law, and 'the same was then ordered to be returned to said marshal to be served according to law ; and that said summons was not served upon this defendant at any time within sixty days after it was so as aforesaid placed in the hands of the said marshal for service, nor within sixty days after the said pretended service thereof was so decided and held by said

court to be illegal and void, and that the said summons was not and never has been at any time served upon said defendant, and no copy thereof has ever been delivered to or left with the mayor of said city, and that no action attempted to be commenced by the said summons or said pretended service thereof was at or before or since the time of the alleged decease of said Carpenter pending or existing in said court ; that no other summons against this defendant, wherein said Carpenter and Knowlton were made plaintiffs, was ever issued out of said court or attempted to be issued on this defendant in or about the year 1873, and that the said summons is the identical and only summons against this defendant wherein said Carpenter and Knowlton were named as plaintiffs, mentioned or referred to in the said amended complaint. And this defendant, further answering, avers and alleges that this the first above-entitled action against this defendant was first commenced on or about and not before the 19th day of June, 1883, by said plaintiffs herein then or soon thereafter delivering the summons, wherein they are named as plaintiffs, in the above-entitled action, to the United States marshal of said district to be served, and that on or about the 26th day of June, 1883, the said marshal made the delivery of the copies thereof of which he made his return, indorsed upon said summons and which is now on file in this action, and that on the 16th day of July, 1883, this defendant duly appeared herein and thereafter submitted itself fully to the jurisdiction of this court, and, as this defendant is informed and believes, the said plaintiffs never attempted to commence this said action nor used any diligence to commence the same before said 19th day of June, 1883.

" Fifth. And this the said defendant, for a further and separate defence, which it will insist upon herein to this said action and to the whole thereof and to each and every cause of action set forth in said amended complaint, avers and alleges, that neither this said action nor any of the causes of action averred or set forth in said amended complaint accrued within the six years next before the 19th day of June, 1883, nor on nor since the day and year last aforesaid, and that on or after

and not before the said 19th day of June, 1883, the summons last above mentioned was first delivered to the United States marshal for service and to be served on this defendant, and that the same never was or had been delivered to such marshal nor to any officer or person for service or to be served on this defendant or otherwise before said 19th day of June, 1883; and this said defendant further avers and alleges that neither this said action nor any of the causes of action in the said amended complaint stated nor any part thereof accrued within six years before the commencement of this the above-entitled action, and that the said action was not commenced before the said 19th day of June, 1883, nor was it commenced within the six years limited by law for the commencement thereof after the same accrued, and is barred, the whole thereof, by the statute of limitations of the State of Wisconsin; that as to all the bonds, interest warrants, and coupons described in said complaint and as to each and every one of said bonds, interest warrants, and coupons the said defendant saith and avers that each and all of said several causes of action in said complaint stated did not nor did any or either of them accrue thereon within the six years next before the commencement of this action, and that this said action and the whole thereof and each and every part thereof is barred by the statute of limitations of the State of Wisconsin."

The plaintiff demurred to this amended answer, but the demurrer was overruled, and the plaintiffs having declined to plead further, judgment was given for the defendant.

It is plain from the description in the complaint of the securities sued on, that most of them had become barred by the statute of limitations before the first summons was sued out in March, 1873. Only the last six years of coupons, being two sets of $40 each, and amounting to $960, were not barred at that time. Of course all the bonds and coupons were barred in June, 1883, when the last summons was issued, unless some cause existed for suspending or avoiding the operation of the statute. The plaintiffs relied on two grounds for this purpose: *first*, the impediments thrown in the way of the service of process by the defendant and its officers; *secondly*, the

actual commencement of an action in 1873 and keeping it on foot until the final service of process in 1883.

The first of these grounds was considered and held to be insufficient in the case of *Amy* v. *Watertown*, (No. 2,) just decided, *ante*, 320. The second does not require an elaborate examination. Without stopping to inquire whether the process issued in 1873 could be kept on foot for five or ten years without any legal service, and without complying with the statute provided for in such cases, it is enough to say, that, by the laws of Wisconsin, an action is not commenced for the purpose of stopping the running of the statute of limitations until service of process has been effected, or until service has been attempted and followed up by actual service within sixty days or publication within that time. The text of the law or this subject is found in §§ 4239 and 4240 of the Revised Statutes of Wisconsin, published in 1878. The prior edition of 1858 contained substantially the same provisions. See Rev. Stat. Wis. 1858, 822. The sections referred to are as follows:

"Section 4239. An action shall be deemed commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant when the summons is served on him, or on a co-defendant who is a joint contractor or otherwise united in interest with him.

"Section 4240. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law, which limits the time for the commencement of an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other proper officer of the county in which the defendants, or one of them, usually or last resided; or if a corporation organized under the laws of this State be defendant, to the sheriff or the proper officer of the county in which it was established by law, or where its general business is transacted, or where it keeps an office for the transaction of business, or wherein any officer, attorney, agent or other person upon whom the summons may by law be served, resides or has his office; or if such corporation has no such place of

business, or any officer or other person upon whom the summons may by law be served, known to the plaintiff, or if such defendant be a non-resident, or a non-resident corporation, to the sheriff or other proper officer of the county in which plaintiff shall bring his action. But such an attempt must be followed by the first publication of the summons, or the service thereof within sixty days. If the action be in a court not of record, the service thereof must be made with due diligence."

Now, it is clear from what was said in the case of *Amy* v. *Watertown*, (No. 1,) *ante*, 301, that there was never any legal service of process upon the defendant in this case. The summons was never served upon the mayor of the city, or upon any person having or exercising the powers of mayor, and there is no pretence that the directions of § 4240 were followed or attempted to be. The action was really not commenced within the meaning of the statute until the attorneys of the defendant voluntarily entered a general appearance. This was done on the 14th of July, 1883. At that time more than ten years and a half had elapsed since the last coupon sued on became due.

We have no hesitation, therefore, in saying, that the court below committed no error in overruling the plaintiffs' demurrer and giving judgment for the defendant. That judgment is

*Affirmed.*