HUMMEL, Receiver, Respondent, vs. MOORE, Appellant.

*April 3—April 30, 1935.*

For the appellant there was a brief by *Evans & Flom,* attorneys, and *M. W. Sweet* of counsel, all of Madison, and oral argument by *Mr. Sweet* and *Mr. Fred W. Evans.*

For the respondent there was a brief by *Mason & Priestley,* attorneys, and *Henry H. Behnke* of counsel, and oral argument by *Mr. Behnke* and *Mr. Richard Rynders,* all of Madison.

FOWLER, J.  The complaint states that the plaintiff "was duly appointed receiver for the Zion Institutions and Industries, Inc., in an *equity proceeding* in the district court of the United States for the Northern District of Illinois," and that prior to his appointment the corporation for which he is receiver sold and delivered to the defendant two bills of goods on which there is due and owing "to the plaintiff" a sum stated, for which he demands judgment.

To this complaint the defendant demurred in one paragraph—

". . . for the reason that it appears upon the face thereof that the plaintiff was appointed receiver in an equitable action in a court of a foreign jurisdiction without any appointment as receiver by a court within the State of Wisconsin and without any title to the cause of action by assignment or otherwise, and that the said receiver has never obtained leave of any court to sue."

In another paragraph the demurrer was grounded on the insufficiency of the facts stated to constitute a cause of action.  The trial court overruled the demurrer, and the defendant appeals.

Upon the authority of *Swing v. White River Lumber Co.* 91 Wis. 517, 65 N. W. 174, we are constrained to rule that the demurrer should have been sustained.  That was an action brought by a trustee of an insurance company ap-

pointed by the supreme court of Ohio upon dissolution of the company to recover assessments on an insurance premium note executed by a resident of Wisconsin. A demurrer was interposed on the two grounds that the appellant seeks to urge here—want of capacity to sue and insufficiency of facts. The trial court overruled the demurrer, and this court reversed the order. The allegations as to the nature of the judgment appointing the trustee went into considerable detail, but it was held that, as the complaint did "not allege that by the laws of the state of Ohio, or by the judgment or order of the supreme court of that state, the plaintiff, as trustee, has any title, right, or authority whatever to sue for and recover the assets of the . . . Insurance Company, or that any assignment of such assets had been made to him, . . ." "it therefore failed to show facts sufficient to entitle plaintiff to sue for and recover the assessment in question. . . . It appeared on the face of the complaint that the plaintiff had no legal capacity to sue, as such trustee, in the courts of this state, . . . and had no title, as such, to recover the same." The basis of the ruling of this court was that the complaint failed to show title to the premium note in the trustee. This now seems to us to go to the point of failure to state facts sufficient to constitute a cause of action, rather than want of capacity to sue, but, as under that view the demurrer must be sustained, the order of the circuit court must be reversed.

Two cases are cited in the opinion in the *Swing Case, supra,* illustrating the nature of the allegations in a complaint necessary to support an action by a foreign receiver in this state. It must be stated that the statutes of the state in which the receiver is appointed, or the judgment of the court that appointed him, vested power in the receiver to maintain the action. *Gilman v. Ketcham,* 84 Wis. 60, 54 N. W. 395, is cited as to the first, and *Parker v. Stoughton*

*Mill Co.* 91 Wis. 174, 64 N. W. 751, to the other basis of support. The instant complaint does not show either basis. The allegation that the receiver was appointed "in an equity proceeding" does not inform us whether the proceeding was one winding up the affairs of the corporation of which plaintiff was appointed receiver, or a creditors' action to disclose property of the corporation, and subject it to the satisfaction of a judgment of the plaintiff, who brought the action in which the receiver was appointed. If the action was of the first kind, the receiver doubtless took title to all the corporation's assets. If it was of the second kind, he probably did not, although there may be doubt as to this. These questions are not now before us, and we do not assume to decide them.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings.