National Bureau of Property Administration, Inc., Appellee, v. Tax Service Association of Illinois, Appellant.

Gen. No. 39,507.

Opinion filed April 30, 1937.

HAROLD R. SCHRADZKI, of Chicago, for appellant.

BLANKSTEN & LANSING, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant, Tax Service Association, from an order entered February 26, 1937, appointing a receiver of the defendant corporation upon motion of plaintiff supported by its verified bill of complaint filed February 8, 1937. The bill alleged that plaintiff is a corporation organized under the laws of the State of Delaware but licensed to do business in Illinois; that defendant is a corporation organized under the laws of Illinois, but not for profit, for the purpose of furnishing technical service pertinent to individual cases or instances of taxes, levies and collec-

tions of taxes; that its members consist of reputable citizens or taxpayers interested in obtaining just tax levies; that it operates on the basis of soliciting individual taxpayers to become members and these enter into a contract with the defendant association whereby, in consideration of a membership fee paid, services are rendered for and on behalf of the member; that many members of the defendant association have retained attorneys or signified intentions so to do for the purpose of rendering the necessary legal service in obtaining their tax levies and collections, and have delivered certain sums of money to defendant as their agent and bailee with directions to pay said sums of money to such attorneys, as directed by the members, as retainer fees for legal services rendered or to be rendered by the attorneys so selected. The bill in substance charges that on June 1, 1935, plaintiff and defendant entered into a written agreement whereby it was agreed that plaintiff would for a period expiring May 31, 1940, render to each member of defendant association technical service such as appraisement and other clerical work, in consideration of which plaintiff was to receive from defendant 42 per cent of all fees or compensation collected by defendant from its members, to be paid within 10 days after receipt thereof by defendant; that plaintiff rendered services as agreed, and that there is now due and owing to the plaintiff from defendant for such services in excess of $5,000. The bill also averred by way of epithet and conclusion that defendant is completely usurping and violating the original purpose for which it was organized; that it, its officers and directors are exploiting all members and prospective members, are conducting the association upon a basis of personal aggrandizement and selfish gain, and "by artifices and conspiracies are debauching the corporate purpose so that the defendant has now degenerated into a private enterprise for

the sole benefit of its directors.'' The bill goes on to say that plaintiff had relied upon the good faith of defendant; that all books of accounts and records with reference to collections are in its exclusive possession; that it was the duty of defendant to account accurately as plaintiff's agent, and to pay over the agreed percentage of all membership fees or compensation collected for services; but that defendant and its officers and directors ''conspired by devious artifices and schemes to misappropriate the fees and compensation and to irreparably injure the rights and interests and ultimately destroy the benefits of the members of the defendant association and to deprive the plaintiff of its just share of the membership fees''; that to that end it has conspired and its officers and directors have failed to keep true and accurate books of account; have appropriated fees received from defendant members to their own selfish purposes; have failed to deposit such fees and compensation in the proper depositories; have appropriated to themselves large sums of money under the purported and unauthorized guise of salaries, bonuses, commissions, etc.; that the officers and directors have demonstrated their unfitness for their respective offices, have neglected the affairs of the association, being derelict in their duties, and have permitted the association to become hopelessly insolvent; that defendant, its officers and directors have received large sums of money which they ought to pay over for and in behalf of the members to attorneys employed by the members for legal services, but have in violation of their duties appropriated these moneys to themselves, and now withhold from such attorneys an amount exceeding $8,000; that the association is in arrears in rent in excess of $1,200, owes $8,000 for legal services, $5,000 to plaintiff, and is indebted to other creditors in a sum exceeding $6,000; that defendant's assets do not exceed $10,000; that defendant has outstanding and unpaid accounts receivable approximat-

ing $16,000; that collections on these accounts average between $3,000 and $4,000 a week; that collections therefrom are received by the defendant association, its officers and directors; that said officers and directors plan to appropriate as much of these receipts as possible within the shortest period of time, and are making special efforts to speed up collection with the special intent of depriving the plaintiff of its just share; that plaintiff served notice upon defendant association of the termination of the agreement of June 1, 1935, and demanded a full accounting; that on January 20, 1937, the defendant association, admitting its indebtedness to plaintiff, paid plaintiff $1,000 to be applied on account and agreed to furnish plaintiff with a complete accounting, but in violation thereof has concealed and altered its records, and since January 20, 1937, has been guilty of additional fraudulent conduct and has collected accounts receivable in which plaintiff has an interest, and in spite of demands has failed to pay over to plaintiff its share of the money so collected, and threatens that it will proceed to collect all outstanding accounts without accounting to plaintiff; that the officers of defendant association are insolvent, and a receiver should be appointed to collect all of the accounts, etc. The bill prayed that defendant association and its officers and directors should be decreed to pay to the plaintiff amounts found to be due; that the writ of injunction might issue restraining defendants and each of them from selling, assigning, etc.; that a receiver might be appointed according to the course of practice and with the usual powers of receivers in like cases to take immediate charge and possession of all moneys and choses in action in the possession or under the control of defendant association, or any of its officers and directors, or which might be on deposit or placed for safekeeping in any vault, receptacle, bank, trust company or any other depository, and all outstanding accounts receivable and debts

due and owing to defendant, and of all other assets of every kind, nature and description, and to proceed forthwith to collect and liquidate the said accounts receivable, debts and other assets of defendant association, for the benefit of all the parties herein concerned, and under the direction of the court.

The bill makes defendants thereto Roy G. Harris, president of the association, George P. Clayson, executive vice president, Mildred P. Voigt, treasurer, Ralph A. Simmons, secretary, and Clarence Meyer, assistant secretary, and prays for general relief. The record does not show that any summons was issued or served upon any of the defendants, but on February 25th plaintiff gave notice that on the following day it would apply for an order appointing a receiver, and upon that day the court entered an order finding that plaintiff had some right, title or interest in and to the proceeds of the outstanding accounts receivable and other assets; that plaintiff had stated on oath that defendant was insolvent and dissipating its assets; that plaintiff was entitled to an accounting; that it would be to the best interests of all parties that a receiver be forthwith appointed with the usual and customary powers of receivers, for the purpose of preserving the assets until final adjudication of the subject matter of the suit. It was therefore decreed:

"That Sylvester J. O'Donoghue be appointed Receiver of all the assets of Tax Service Association of Illinois, a corporation, defendant, with the usual and customary powers of receivers, and specifically with the power and authority to immediately take over and proceed to collect and receipt for any and all accounts receivable, debts or obligations outstanding, and due the said defendant, and to operate and manage the business now conducted by the said defendant, Tax Service Association of Illinois, at 228 North La Salle street, Chicago, Illinois, and any other auxiliary, sub-

sidiary or additional place or places of business or businesses of the said defendant, Tax Service Association of Illinois, to employ all necessary help, to make all necessary expenditures in the operation of said business, to employ counsel, and to take charge of any and all assets of the said defendant, including cash on deposit in any depository or receptacle, equipment, fixtures, and property of the defendant, both real and personal of every kind, nature or description, and generally to have any and all other powers of receivers in like cases, and subject to the further order of this Court.''

The order directed the receiver to give bond in the sum of $3,000, and that plaintiff file its bond in the penal sum of $500, with surety to be approved by the court within five days. March 3rd defendant association entered a special appearance for the purpose of objecting to the jurisdiction of the court and moving that the orders theretofore entered should be vacated. With other reasons the motion averred that the court had no jurisdiction to enter the order appointing the receiver; that the court had no general equity powers for such appointment and can only appoint by express statutory authority, and that the statute in such case made and provided had not been complied with. There were no facts stated in the bill of complaint sufficient to confer jurisdiction on the court to make the appointment of the receiver, and that such order was wholly void, illegal and of no force and effect. The motion was denied, and the defendant, Tax Service Association, has perfected this appeal.

It is well settled by a long line of decisions in this State that the courts of chancery have no general power to appoint receivers of corporations and can do so only when expressly authorized by statute, except at the instance of the attorney general. *People v. Weigley*, 155 Ill. 491; *Blanchard Bro. & Lane v. Gay Co.*, 289

Ill. 413; *Steenrod v. Gross Co.,* 334 Ill. 362; *Nelson v. Toluca State Bank,* 334 Ill. 83; *People ex rel. Palmer v. Peoria Life Ins. Co.,* 357 Ill. 486. The cases are reviewed in *People v. Shurtleff,* 353 Ill. 248, where the court said:

"Courts of chancery have no general power to appoint receivers for corporations and can appoint them only when expressly authorized by statute. (*Coquard v. National Linseed Oil Co.,* 171 Ill. 480; *Wheeler v. Pullman Iron and Steel Co.,* 143 id. 197; *Chicago Steel Works v. Illinois Steel Co.,* 153 id. 9; *People v. Weigley,* 155 id. 491.) . . . It was held in *Blanchard Bro. & Lane v. Gay Co., supra,* that appointing a receiver to take possession of the assets of a corporation and distribute them is tantamount to dissolving the corporation by a decree in equity, and that when the property of a corporation is all sold and distributed and its officers are powerless to obtain further means to carry on its business, it is powerless to exercise its corporate franchise and is then for all practical purposes dissolved."

These decisions involve cases where receivers were asked for corporations organized for profit, but the reasoning of the opinions requires the same rule to be applied to a corporation organized not for profit, and it has been so held in *People ex rel. Seemann v. Greer College,* 302 Ill. 538.

The Business Corporation Act of July 13, 1933, provides (see Ill. State Bar Stats. 1935, ch. 32, ¶ 86; Jones Ill. Stats. Ann. 32.088) the circumstances under which courts of equity may have full power to liquidate the assets and business of a corporation. Individuals who may maintain a bill for such purpose are divided into two classes. First, those who are shareholders in the corporation. Secondly, creditors of the corporation whose claims have either been reduced to judgment and an execution thereon returned unsatisfied, or

whose claim is admitted by the corporation, and in either case it must be made to appear that the corporation is unable to pay its debts and obligations in the regular course of business as they mature. There is no provision in the act which has been called to our attention which would authorize under any circumstances the appointment of a receiver for a corporation organized not for profit. Without such statutory authority we hold a court of equity is without jurisdiction to make such an appointment. We so hold notwithstanding the facts appearing in this record indicate that the defendant association might be subject to a proceeding by way of information in the nature of quo warranto, as was held in the recent case of *People v. Universal Service Ass'n,* 365 Ill. 542. In that case the defendant was organized as a nonprofit corporation. Speaking of the plan on which the business of the defendant was conducted, the Supreme Court said:

"The scheme, when reduced to its essentials, is a business arrangement designed to produce a profit. There is no material difference between respondent and a corporation organized under the Business Corporation act, with a board of directors, officers, stockholders and provisions for stockholders meetings and control over the management of the corporation. To permit respondent to thus evade the strict supervision imposed by the Business Corporation act would be sacrificing substance to form."

This proceeding, however, is not by way of quo warranto. For the reasons stated, the court was without jurisdiction to enter the order of February 26th appointing a receiver for the defendant association, and the order is therefore reversed.

*Reversed.*

O'Connor and McSurely, JJ., concur.