SAVIN, Appellant, vs. McNEILL, Receiver, Respondent.*

*January 17—February 15, 1944.*

* Motion for rehearing denied, with $25 costs, on April 24, 1944.

554

For the appellant there was a brief by *Weisman & Weisman* of Racine, and oral argument by *J. M. Weisman.*

For the respondent there was a brief by *Simmons, Walker, Wratten & Sporer,* and oral argument by *Warren M. Dana* and *Harold J. Sporer,* all of Racine.

WICKHEM, J.    The principal question in this case has to do with the standing of plaintiff to sue as receiver.    A brief statement of facts is necessary.    The Bloomington Boston Store Company was incorporated July 20, 1937.    Defendant was the principal stockholder.    On July 21, 1937, the company leased a store building in Bloomington, Illinois, the lease having a term of ten years.    Rent for the first month was paid at the time of executing the lease which was to run from October 1, 1937, although immediate possession was permitted.    On August 13, 1937, $16,646.67 was deposited in a Bloomington bank to the credit of the company.    This was the balance of a sum of $17,500 originally raised by defendant and his nephew, Bernard Savin, some funds having been expended for preliminary expenses.    Twelve thousand five hundred dollars of this fund represented payments for stock by defendant and his nephew, and the balance was made

up of loans to the defendant or corporation by relatives of defendant. The capital raised was insufficient and defendant decided to abandon the business of the corporation, withdraw the money on deposit and return it to the various people contributing it. This was done in August, to the extent possible after preliminary expenses had been paid. No merchandise was purchased and the store was never opened.

Thereafter, Arthur W. Smith and Helen V. Smith, lessors, commenced three actions for accrued rent, judgments being entered on the 13th of December, 1937, the 24th of May, 1938, and the 25th of November, 1938, for sums totaling $6,500. On April 25, 1939, in the state of Illinois, on relation of John A. Cassidy, attorney general, v. Bloomington Boston Store Company, a decree was entered dissolving the company, declaring its charter null and of no force and effect. Defendant was adjudged a bankrupt on July 25, 1940, and in these proceedings the lessors were the only creditors appearing. Defendant was ultimately discharged.

On July 26, 1938, the lessors brought a creditor's bill in circuit court for Cook county, Illinois, against the company, Bernard Savin, and Ruth Savin, his wife, as defendants. The purpose was to enforce collection of the several judgments for rent heretofore referred to. The summons in this case was apparently not served. On October 22, 1940, lessors filed a similar complaint in chancery, petitioning for the appointment of receiver to enforce collection of the judgments in their favor. Thereafter plaintiff was appointed receiver for the company, qualified, and on January 20, 1941, filed a petition for authority to sue defendant in Wisconsin, which was granted by an order of the same date.

While numerous defenses are set up, defendant's principal contention is that plaintiff has no standing to bring this action because the Illinois court had no jurisdiction to appoint him receiver of the corporation. Defendant claims that the appointment of receiver following a decree dissolving the cor-

poration is wholly void since under the Illinois statutes the only power to appoint a receiver exists prior to dissolution and in aid of an action or suit asking dissolution of the company. This requires an examination of the Illinois statutes.

Sec. 157.86, Ill. Rev. Stats., is entitled "Jurisdiction of court of equity to liquidate assets and business of corporation." Sub. (b) of that section provides: Courts of equity shall have full power to liquidate the assets and business of a corporation:

"(b) Upon the suit of a creditor whose claim has either been reduced to judgment and an execution thereon returned unsatisfied, or whose claim is admitted by the corporation, when in either case it is made to appear that the corporation is unable to pay its debts and obligations in the regular course of business as they mature."

Sec. 157.87, Ill. Rev. Stats., is entitled "Procedure in liquidation of corporation by court of equity." It is there provided that—

"In proceedings to liquidate the assets and business of a corporation the court shall have all the ordinary powers of a court of equity to issue injunctions, to appoint a receiver or receivers *pendente lite* with such powers and duties as the court, from time to time, may direct, and to take such other proceedings as may be requisite to preserve the corporate assets and carry on the business of the corporation until a full hearing can be had. . . ."

It is further provided that after hearing and proper notice to parties to the proceeding,—

". . . the court may appoint a liquidating receiver or receivers with authority to collect the assets of the corporation, including all amounts owing to the corporation by shareholders on account of any unpaid portion of the consideration for the issuance of shares."

Other provisions as to the powers of the receiver follow. The first question is whether secs. 157.86 and 157.87, Ill. Rev. Stats., have any application to a situation where, prior to the proceedings in equity, the corporation has been dissolved by action of the attorney general.

We are of the view that dissolution by the separate suit of the attorney general does not affect the right of shareholders and creditors thereafter to proceed to have liquidated the assets of the dissolved corporation. It should not lightly be assumed that it was the legislative intent that dissolution at the suit of the attorney general would completely disable courts of equity from liquidating the assets and business of the corporation. This would create an intolerable situation and we discover no statutory support for this. The attorney general is interested in terminating the existence of a corporation which has violated some law or omitted some act upon which its continued existence is conditioned. Liquidation of the assets is quite a different matter. Sec. 157.86, Ill. Rev. Stats., relates in terms to the power of courts of equity to liquidate assets and business of a corporation. Nowhere in the section is the fact that no dissolution has occurred or the pendency of a suit for dissolution made the condition of an action to liquidate assets. (Indeed, with one exception the subsections make no mention whatever of dissolution.) The exception is sub. (d) which reads as follows:

"(d) Where information has been filed by the attorney general to dissolve a corporation and it is made to appear that liquidation of its business and affairs should precede the entry of a decree of dissolution. . . ."

This is far from indicating a legislative intent that jurisdiction to liquidate assets exists only prior to and in aid of dissolution. The implication is that these are situations where the liquidation may as well be done after as before entry of a

decree of dissolution. Defendant relies upon a long line of decisions in Illinois that courts of chancery have no general power to appoint receivers of corporations and can do so only when expressly authorized by statute. *People v: Peoria Life Ins. Co.* 357 Ill. 486, 192 N. E. 420; *National Bureau, etc., v. Tax Service Asso.* 290 Ill. App. 152, 8 N. E. (2d) 51; *Wiedoeft v. Frank Holton & Co.* 294 Ill. App. 118, 13 N. E. (2d) 854; *Gulf Lines R. R. v. Golconda Northern Ry.* 290 Ill. 384, 125 N. E. 357; *Wheeler v. Pullman Iron & Steel Co.* 143 Ill. 197, 32 N. E. 420; and *Steenrod v. Gross Co.* 334 Ill. 362, 166 N. E. 82. These cases are all grounded upon the fact that appointing a receiver to take possession of the assets of a corporation and to distribute them is tantamount to dissolving the corporation by a decree in equity, and that a court of chancery is without jurisdiction to decree such dissolution under its general equity powers but is limited in that respect to jurisdiction conferred by statute. The want of general equity power to interfere with the management of a going corporation does not, however, militate against general equity powers to liquidate or deal with the assets of a dissolved and otherwise defunct corporation. In *Gulf Lines R. R. v. Golconda Northern Ry., supra,* it was said that in the case of the dissolution of a corporation, the common-law doctrine that upon dissolution there remains no owner of the property, is obsolete and that the assets of the corporation will be administered subject to the rights of creditors for the benefit of stockholders. In the *Wheeler Case, supra,* it was said that the necessity for invoking the aid of a court of equity after judgment of forfeiture in order to administer the corporate assets has led to statutory enactment vesting equity with jurisdiction to decree a dissolution and to wind up the affairs of the corporation in certain specific cases. While it was held in the *Wiedoeft* and *Steenrod Cases, supra,* that where the ultimate relief asked for is dissolution and no facts warranting that relief are pleaded or proved, the court has no jurisdiction

to appoint a receiver, the case is not authority against the position taken by the trial court. If a suit for dissolution of a going corporation under power vested in the court of equity by statute completely fails, there is obviously no power to interfere with the corporate possession and management of its assets. Where, however, the corporation has already been dissolved and nothing remains to be done but to administer its assets, the condition upon which the statutory power to liquidate rests has happened and there can no longer be the objection that equity is seeking to manage or liquidate a going business or to interfere with a corporation when there are no grounds for claiming dissolution. When a corporation, therefore, is completely defunct, there only remains a problem of liquidation of assets and there is no call for application of the doctrine of these cases. We see nothing in any of these cases that indicates that dissolution terminates the power of equity to deal with the assets—nothing to indicate that language of the statute sufficient to vest the power is to be subject to an implied condition that dissolution must not have previously occurred.

Defendant also relies strongly upon another line of Illinois cases holding that a dissolved corporation cannot maintain any form of action after its dissolution. *Chicago Riding Club v. Avery,* 305 Ill. App. 419, 27 N. E. (2d) 636, and *Billiard Table Mfg. Corp. v. First-Tyler Bank & T. Co.* (D. C.) 16 Fed. Supp. 990. In the first of these cases a judgment creditor of a dissolved corporation was held to have no standing to garnishee the members of a corporation for dues and house accounts because the dissolved corporation had no right of action under the amendment of 1933 to the Illinois Business Corporation Act. The second was a case where a corporation, dissolved after the 1933 amendment to the Illinois Business Corporation Act went into effect, sought in its own name to sue in a case on contract. It was held that the corporation had no standing to sue. The decisions in

these cases are based on sec. 94, ch. 32, of the Illinois Business Corporation Act as amended in 1933. The section reads as follows:

"94. *Survival of remedy after dissolution.* The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the secretary of state, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution if suit thereon is brought and service of process had within two years after the date of such dissolution. Such suits may be prosecuted against and defended by the corporation in its corporate name." (Sec. 157.94, Smith-Hurd Ill. Rev. Stats. 1933.)

It was held in the *Billiard Table Mfg. Corp. Case, supra,* that while prior to the 1933 amendment the corporation act specifically vested an Illinois corporation with power to collect debts due to it and to maintain suits in its corporate capacity for a period of two years after dissolution, the amendment omitted to provide for this power and must be held to have withdrawn it. In our opinion, these cases are not decisive of the point involved here. The fact that the corporation may not prosecute actions in its own name does not mean that a receiver duly appointed may not bring such actions as are necessary to make effective his administration and liquidation of the assets of the corporation, even though the corporation has been dissolved. Indeed, this is intimated in the *Billiard Table Mfg. Corp. Case, supra.* The court there says (p. 993):

"Careful analysis reveals that it has not been the 1933 act which has put the plaintiff in its present predicament in this action, but rather has it been the failure of the plaintiff to maintain its corporate status and its neglect in securing proper

liquidation of its assets by the appointment of a receiver upon its dissolution in Illinois."

In *Peabody v. New England Waterworks Co.* 184 Ill. 625, 56 N. E. 957, it is said that "A receiver is to be regarded as representative, not only of the corporation, having power of asserting its rights, taking its title and subject to its liabilities, but occupies a still broader position, for he represents not only the corporation, but also its creditors; and under his duties as the representative of the latter class he is invested with powers and may do acts that could not be done by a mere representative of the corporation." It was held in *Republic Life Ins. Co. v. Swigert,* 135 Ill. 150, 177, 25 N. E. 680, 12 L. R. A. 328, that "Such right and authority as the law and the court rightfully give him he possesses, and in respect to such right he is not circumscribed and limited by the right which was vested in and available to the owners."

We take it from these cases that while choses in action are taken by the receiver subject to any defenses that were available against the corporation and while the receiver also takes the property of the corporation subject to any existing defects and infirmities of title, the right of the receiver to sue transcends the power of the officers of the original corporation, and the fact that the corporation may not sue after dissolution does not mean that the receiver may not do so as an incident to his power to administer corporate assets.

We conclude that defendant's contentions that dissolution of this corporation was fatal to the existence of any equity jurisdiction to appoint a receiver must be repudiated.

Defendant contends that sec. 157.94, Ill. Rev. Stats., which extends remedies against the corporation "if suit or other proceeding thereon is commenced within two years after the date of such dissolution," was not satisfied by plaintiff. While service of summons was within the two-year period the filing of complaint was not within that period and defendant

contends, (1) that service of summons, unless completed by filing of complaint, does not constitute the bringing of a suit and service of process under the Illinois law, and (2) that under the Illinois law, sec. 157.94 is not strictly a statute of limitations but a conditional limitation upon plaintiff's right to sue. The second contention appears clearly to be established by the Illinois cases. *Dukes v. Harrison & Reidy,* 270 Ill. App. 372; *Consolidated Coal Co. v. Flynn Coal Co.* 274 Ill. App. 405; *Bishop v. Chicago Rys. Co.* 303 Ill. 273, 135 N. E. 439. We discover, however, no support in the cases cited for defendant's first proposition. The doctrine of the Illinois cases is summed up in *Sarelas v. McCue & Co.* 291 Ill. App. 540, 545, 10 N. E. (2d) 700, as follows:

"Section 79 is not strictly a statute of limitation but is a conditional limitation upon plaintiff's right of action. *Dukes v. Harrison & Reidy,* 270 Ill. App. 372; *Consolidated Coal Co. v. Flynn Coal Co.* 274 Ill. App. 405; *Bishop v. Chicago Rys. Co.* 303 Ill. 273. The legislature apparently had in mind that after the dissolution of a corporation a creditor could bring his suit provided he did so *and the summons was served on the corporation within two years.*"

While in *Consolidated Coal Co. v. Flynn Coal Co., supra,* the syllabus states that "Where a bill of complaint was not filed against a dissolved corporation within the two-year period . . . a demurrer to the bill is properly sustained," it appears from an examination of the facts that both summons and the original bill were filed just before the lapse of the two years and the action thereafter dismissed for want of prosecution. Under those circumstances, of course, there could be no satisfaction of the statutory requirements. Even if we have not correctly read the Illinois decisions in this respect, defendant's contention would nevertheless have to be repudiated. Had the Illinois statute expressly required as a condition to the right to sue that process be served and complaint

filed within two years this court would have to enforce the requirement, but where the Illinois statute merely requires that suit be brought and process served within two years, the question whether suit was brought or process served is for the forum. Under the Wisconsin law there can be no question that this suit was brought and process served within the two years, sec. 330.39, Wis. Stats. *Barth v. Burnham,* 105 Wis. 548, 81 N. W. 809; *Knowlton v. Watertown,* 130 U. S. 327, 334, 9 Sup. Ct. 542, 32 L. Ed. 959.

Defendant next contends that his plea of discharge in bankruptcy should have been sustained. We cannot agree to this. Sec. 17 of the Bankruptcy Act provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowed in full or in part, except such as . . . (4) were created by his fraud, embezzlement, misappropriation, or .defalcation while acting as an officer or in any fiduciary capacity. . . ." (11 USCA, sec. 35.)

The claim of the receiver in this case is based upon embezzlement, fraudulent misappropriation, and defalcation while acting as an officer of this corporation. The receiver is not suing on the contract for rent but for assets of the corporation converted by defendant. This liability is excepted from the release by sec. 17 of the Bankruptcy Act.

Defendant's next contention is based upon sec. 157.86, Ill. Rev. Stats., which provides in part:

"(d) . . . It shall not be necessary to make shareholders parties to any such suit or proceeding *unless relief is sought against them personally.*"

It is argued that no relief can be had against defendant personally because he was not made a party to the liquidation proceedings. This, however, is not an action brought to recover against defendant as shareholder. He is sued as a

defaulting officer of the corporation. Sub. (d) of sec. 157.86, Ill. Rev. Stats., has no application to this situation.

It is finally contended that plaintiff is a mere receiver *pendente lite* and as such, is a conservator, has no title to the assets of the corporation, and under the rule of several cases in this state, no standing to sue. *Hummel v. Moore,* 218 Wis. 241, 260 N. W. 468; *Parker v. Stoughton Mill Co.* 91 Wis. 174, 64 N. W. 751; *Gilman v. Ketcham,* 84 Wis. 60, 54 N. W. 395. These cases do not sustain defendant's position. In the *Parker Case, supra,* it is said, referring to two previous Wisconsin decisions holding, (1) that an assignment of property made by a foreign court does not transfer title to personal property in the state, and (2) that a receiver appointed in a creditor's suit in a foreign state has no title to property of the debtor in this state and will not be allowed to maintain an action to set aside a fraudulent conveyance (p. 179):

"The principal of both these decisions is manifestly the same, namely, that decrees of foreign courts have no effect upon the title of property within this state. This court has also held, in effect, that a foreign receiver will be heard to assert in the courts of this state a title to a chose in action which he claims by an assignment valid and binding against all parties to the litigation. *Gilman v. Ketcham,* 84 Wis. 60. The last-named case rules the present case. Here it appears that the receiver has been invested by the Illinois court with the practical ownership of choses in action which were then in possession of the insurance company and within the jurisdiction of the court, namely, the premium notes of the defendant. I say 'practical ownership,' because it is apparent from the complaint that the corporation itself is either actually dissolved or in process of dissolution, and all its property is in the hands of the court. So far as there can be any ownership of such property under such circumstances, it must be in the receiver. . . . There is no question here of a transfer of property in this state. No such transfer was attempted.

The property in question . . . was in Illinois at the office of the company. They were choses in action, and their situs was at the residence of the company."

In the *Hummel Case, supra,* this court, referring to pleading requisites, said (p. 243) :

"It must be stated that the statutes of the state in which the receiver is appointed, or the judgment of the court that appointed him, vested power in the receiver to maintain the action." Citing the *Gilman* and *Parker Cases, supra.*

It appears to us that these cases settle the contention adversely to defendant. Whatever plaintiff be called, the order of October 22, 1940, appoints him receiver "with authority to collect the assets of said corporation, including all amounts owing to the said corporation by the directors and officers thereof."

The order of January 20, 1941, is :

". . . That leave be and the same is hereby granted to William T. McNeill, as receiver of the Bloomington Boston Store Co., a corporation, to take the necessary steps to institute and carry to conclusion legal proceedings against Leon Savin in the circuit court for Racine county, Wisconsin, covering the claim of the defendant corporation and William T. McNeill, receiver thereof, against said Leon Savin."

Sec. 157.87, Ill. Rev. Stats., provides :

"In proceedings to liquidate the assets and business of a corporation the court shall have all the ordinary powers of a court of equity to issue injunctions, to appoint a receiver or receivers *pendente lite* with such powers and duties as the court, from time to time, may direct. . . .

"A receiver of a corporation appointed under the provisions of this section shall have authority to sue and defend in all courts in his own name as receiver of such corporation. . . ."

Under this section the court had power to appoint plaintiff receiver and to vest him with the powers necessary to preserve

the corporate assets and to sue and defend in his own name as receiver of such corporation. The orders specifically grant him these powers and are sufficient to give plaintiff the "practical ownership" of the chose in action and to bring his situation within the doctrines of the cases cited.

*By the Court.*—Judgment affirmed.